**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Evan C. Centeno, | Case No. 2:22-cv-01606-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Charles Daniels, et al., | |
| Defendants. | |

Before the court is Plaintiff's motion to extend time to respond to Defendants' summary-judgment motion. ECF No. 42. Defendants responded at ECF No. 44. Plaintiff did not file a reply. For the reasons discussed below, the Court grants Plaintiff's motion in part, reopens discovery for the limited purpose of serving answers to Plaintiff's first set of interrogatories (previously mislabeled as requests for admissions) and an affidavit regarding the missing sign-in sheets and attendance logs, and denies Defendants' motion for summary judgment without prejudice.

**I. BACKGROUND**

Plaintiff, a pro se inmate, brought this action against numerous defendants claiming they denied him his rights under the First and Fourteenth Amendments and Religious Land Use and Institutionalized Persons Act. *See* ECF No. 9. Defendants filed a motion for summary judgment on July 25, 2024, and Plaintiff filed a motion to extend time on August 13, 2024. ECF Nos. 40, 42. In his motion to extend time, Plaintiff requested more time to oppose the motion for summary judgment and for the Court reopen discovery under Federal Rules of Civil Procedure 56(d) and Rule 16(b).[1] ECF No. 42 at 2–4. Defendants only opposed reopening discovery. ECF No. 44 at 5.

There are two primary pieces of discovery at issue in this motion: (1) Plaintiff's first set of requests for admissions ("RFAs") and (2) sign-in sheets/attendance logs for Pagan Land

---

[1] Because the Court reopens discovery under Rule 16 for the limited purpose of answering Plaintiff's requests for admission and serving an affidavit stating that the Defendants do not possess the sign-in sheets and attendance logs, the Court does not conduct a Rule 56(d) analysis.

Religious services and Asatru services and holidays. *See* ECF No. 42. Regarding the first piece of discovery, Plaintiff served RFAs to Defendant Calderin in early March. *Id.* at 2. Counsel for Defendants informed Plaintiff that his RFAs were phrased as interrogatories and asked for permission to respond to them as interrogatories, which Plaintiff provided. *Id.* at 3. However, counsel for Defendants then determined that it would be inappropriate to respond to the RFAs as interrogatories and served responses that objected to most of the requests. *Id.* Regarding the second piece of discovery, Plaintiff sought sign-in sheets for Pagan Land Religious services and attendance logs for Asatru services and holidays, but Defendants never provided these to him because Defendants could not locate them. ECF No. 44 at 3. Plaintiff does not find Defendants' response acceptable and continues to seek these records. ECF No. 42 at 4.

## II.  DISCUSSION

### A.  Legal Standard

Under Federal Rule of Civil Procedure 16(b), a party may modify scheduling orders and discovery plans. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Local Rule 26-3 further requires that, when a party requests an extension after a deadline expires, he must demonstrate that his failure to act was the result of excusable neglect. Good cause focuses on the movant's diligence. *Johnson*, 2023 WL 6218062, at *2. Excusable neglect depends on factors such as: (1) the danger of prejudice to opposing parties; (2) the length of the delay, and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017). Ultimately though, the determination is an equitable one that considers all relevant circumstances, and it "is left to the discretion of the district court." *Bank of Am., N.A. v. Ann Losee Homeowners Ass'n*, No. 2:16-CV-00407-JCM-CWH, 2017 WL 4467541, at *3 (D. Nev. Oct. 5, 2017).

### B.  Analysis

Plaintiff seems to argue that good cause exists to reopen discovery as to his RFAs because he mislabeled them, and that good cause exists to reopen discovery as to the sign-in sheets and attendance logs because Defendants' statement that they don't have the records is neither "viable"

nor "acceptable." ECF No. 42 at 4. Plaintiff also generally explains that it is difficult to research and prepare legal documents, especially with tight deadlines, given his "lack of access to [the] law library." *Id.*

Defendants respond that Plaintiff has not established good cause or excusable neglect because he could have filed a motion to compel or sought a timely extension of discovery before the deadline passed, but he did not. ECF No. 44 at 5. Specifically, Defendants note that Plaintiff received their objections to his RFAs on April 9, 2024, approximately one month before the close of discovery on May 6, 2024. Plaintiff filed this request to reopen discovery approximately two months after it closed. *Id.*

Under these specific facts, and given the limited purpose for which discovery will be re-opened, the Court finds good cause. First, in considering whether Plaintiff was diligent, the Court takes into account his limited access to a law library and ability to prepare legal documents. While in other circumstances that may not be enough, the Court also considers that Plaintiff attempted to obtain some of this discovery during the discovery period. Additionally, the Court finds that, regarding excusable neglect, the prejudice to the Defendants is limited (factor one) because they need only respond to Plaintiff's six interrogatories and draft an affidavit, and they may re-file the exact same summary-judgment motion after this discovery has been provided. Moreover, the case will only be delayed 60 days (30 days for discovery, 30 days for filing dispositive motions), which will have a limited impact on proceedings (factor two). Plaintiff's limited resources in litigating his case is an adequate reason for the short delay (factor three), and there is nothing to suggest Plaintiff has not acted in good faith (factor four). Therefore, considering all relevant circumstances, particularly Plaintiff's pro se and incarcerated status, the Court finds, in its discretion, good cause and excusable neglect. *See Bank of Am., N.A. v. Ann Losee Homeowners Ass'n*, No. 2:16-CV-00407-JCM-CWH, 2017 WL 4467541, at *3 (D. Nev. Oct. 5, 2017).

### III.   CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's motion to extend time (ECF No. 42) is GRANTED in part.

IT IS FURTHER ORDERED that discovery is reopened for 30 days for the limited purpose of Defendants serving (1) responses to Plaintiff's RFAs as if they were written as interrogatories, and (2) an affidavit stating that they could not locate records regarding the sign-in sheets for Pagan Land Religious services and attendance logs for Asatru services and holidays. Discovery will close on October 9, 2024.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (ECF No. 40) is DENIED without prejudice given that the Court reopens discovery. The new deadline for filing dispositive motions will be 30 days after the close of discovery, or November 8, 2024. Defendants may refile this exact motion.

DATED: September 10, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE